IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH HUGHES, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-00628-N (BT) |
| | § | |
| | § | |
| BECKY SUMMERFIELD, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This *pro se* prisoner case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and an order of the District Court. For the following reasons, the complaint should be DISMISSED.

I.

Plaintiff is confined in the Collin County Detention Center. He filed this lawsuit under 42 U.S.C. § 1983 and sought leave to proceed *in forma pauperis*. On March 18, 2019, the Court sent Plaintiff a notice of deficiency because Plaintiff failed to file a copy of his jail trust fund statement showing the amount of money in his account. The Court further advised Plaintiff that his complaint failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) provides as follows:

1

    (a)    Claim for Relief. A pleading that states a claim for relief must contain:

        (1)    a short plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

        (2)    a short and plain statement of the claim showing that the pleader is entitled to relief; and

        (3)    a demand for the relief sought, which may include relief in the alternative or different types of relief.

The deficiency notice informed Plaintiff that failure to cure the deficiencies within 30 days could result in a recommendation that this case be dismissed. More than 30 days have passed, and Plaintiff has failed to respond to the Court's order.

## II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626

(1962)). The Court issued a deficiency notice advising Plaintiff that his complaint fails to comply with Fed. R. Civ. P. 8(a) and that his request to proceed *in forma pauperis* fails to include a statement of his trust account balance. However, Plaintiff has failed to respond to the Court's order. This litigation cannot proceed until Plaintiff complies with the Court's order and cures the deficiencies. Accordingly, the complaint should be dismissed for want of prosecution under Fed. R. Civ. P. 41(b).

### III.

The Court should DISMISS the complaint under Fed. R. Civ. P. 41(b).

Signed April 29, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).